# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 11, 2014

v

No. 317213
Ottawa Circuit Court
LC No. 12-036826-FC

WILLIAM ALAN NICHOLSON,

Defendant-Appellant.

Before: MARKEY, P.J., and SAWYER and OWENS, JJ.

PER CURIAM.

Defendant appeals as of right following his jury trial convictions of three counts of first-degree criminal sexual conduct, MCL 750.520b (multiple variables). Defendant was sentenced to concurrent terms of 180 to 480 months in prison for his convictions. We affirm.

Defendant first argues that the prosecutor impermissibly bolstered the credibility of the victim by making statements during her closing argument that were not supported by the evidence. Defendant further argues that defense counsel's failure to object to the prosecution's misconduct was objectively unreasonable, and he rendered ineffective assistance of counsel to defendant on that basis.

To preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). No contemporaneous objection was made to any aspect of the prosecutor's closing argument; therefore, this issue is not preserved for review. To preserve a claim of ineffective assistance of counsel, a defendant must move, in the trial court, for a new trial or an evidentiary hearing under *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Defendant did not move for a new trial or seek a *Ginther* hearing in the trial court; therefore, defendant's claim of ineffective assistance of counsel is not preserved. *Id*. "Unpreserved issues concerning ineffective assistance of counsel are reviewed for errors apparent on the record." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012).

Generally, the test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). However, when, as here, there was no contemporaneous objection and request for a curative instruction, appellate review of claims of prosecutorial misconduct is limited to ascertaining whether there

-1-

was plain error that affected substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). Prosecutorial misconduct issues are decided on a case-by-case basis, and the reviewing court must examine the record and evaluate a prosecutor's remarks in context. *People v Mann*, 288 Mich App 114, 119; 792 NW2d 53 (2010). Prosecutorial comments must be read as a whole and evaluated in the light of defense arguments and the relationship they bear to the evidence admitted at trial. *Brown*, 279 Mich App at 135. A prosecutor may argue that a witness should be believed. *People v Unger*, 278 Mich App 210, 237; 749 NW2d 272 (2008).

The challenged comments by the prosecution occurred as part of her closing argument. The prosecutor, alluding to the disclosure of defendant's abuse by the victim's sister to their mother, argued the following challenged comments:

> Now [the victim is] in a spot. . . . her sister's secret is out, but she's not quite there. . . . And she's consistent up to today telling the story over time of what has happened to her. And we know that because the only point that [defense attorney] gives about her inconsistencies is you lied to [Groen] when you were interviewed because you said you weren't—didn't have sex. Well, in her mind, his penis didn't penetrate her deeply. . . So when she answered in her forensic interview no, I haven't, she wasn't lying. In her mind that was true. So, really, she said—she has come forward with telling what happened. She has been truthful and consistent with what she said before.

In arguing that the prosecutor committed misconduct in making these challenged remarks, defendant points to inconsistencies in the victim's testimony, and her initial denials of abuse. However, shortly before making the now challenged remarks, the prosecutor told the jury, "[e]ven the fact that [the victim] didn't tell right away is supported by the evidence," referring to a testifying expert's opinion about the process of disclosure of sexual abuse, and "how disclosures come about are consistent with what [the victim] did." Thus, the prosecutor addressed the victim's inconsistencies directly and was not trying to hide or diminish them, or argue that they did not exist.

A fair reading of the whole of the prosecutor's disputed remarks, *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002), evaluated in the full context in which they were made, reveals that the focus of the argument when it was made was that, following her disclosure of defendant's sexual abuse of her "a few days" after her sister's disclosure, the victim was "consistent up to today telling the story over time of what happened to her," and should be believed. *Mann,* 288 Mich App at 119. When read as a whole and evaluated in the light of contrary defense arguments, that the victim was not credible, the statements were proper, *Brown*, 279 Mich App at 135, and no plain error exists. Also, the court issued cautionary instructions to the jury regarding the use to be made of lawyers' statements, and also instructed the jury that witness credibility was for it alone to determine. Jurors are presumed to follow their instructions. *Unger*, 278 Mich App at 235. Thus, any prejudice to defendant resulting from the prosecutor's statements was cured by these instructions. Even if there were a plain error in the challenged remarks, defendant has not demonstrated that it affected his substantial rights, *Brown*, 279 Mich App at 134, and reversal is not required.

Defendant argues alternatively that his counsel was ineffective because he failed to object to the prosecutor's statements and that, had he objected, the results of the proceedings would have been different. To establish that a defendant's trial counsel was ineffective, a defendant must show: (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

The statements made by the prosecutor were proper and do not warrant a finding of prosecutorial misconduct. Therefore, defense counsel had no basis to object to them. Because "[d]efense counsel is not required to make meritless objections[,]" defendant's counsel was not ineffective on that basis. *People v Heft,* 299 Mich App 69, 83; 829 NW2d 266 (2012).

Defendant next argues that the trial court did not conduct a legally sufficient analysis of the other acts testimony presented by the victim's sister under MCL 768.27a, because it should have been excluded under MRE 403, and the admission of it was consequently an abuse of discretion.

The admissibility of bad acts evidence is within the trial court's discretion and will be reversed on appeal only when there has been a clear abuse of discretion. *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998); *People v Waclawski*, 286 Mich App 634, 670; 780 NW2d 321 (2009). When the decision involves a preliminary question of law, however, such as whether a rule of evidence precludes admission, the question is reviewed de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010).

The prosecution notified defendant of its intent to introduce evidence of other uncharged acts under MCL 768.27a, which permits admission of propensity evidence even if its only relevance is to show the character of the defendant. *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012). Even if evidence of an alleged prior act is admissible under the language of MCL 768.27a, the MCL 768.27a evidence may be excluded under MRE 403. *Watkins*, 491 Mich at 481. MRE 403 precludes the admission of otherwise admissible evidence if the evidence's "probative value is substantially outweighed by the danger of unfair prejudice." "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Ortiz*, 249 Mich App 297, 306; 642 NW2d 417 (2001). Under MCL 768.27a, any propensity inference from the evidence is to be weighed in favor of its admission. *Watkins*, 491 Mich at 487. In determining whether to exclude MCL 768.27a evidence under MRE 403, the *Watkins* Court provided the following *non-exhaustive, illustrative* list of factors that a court may consider:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

Here, defendant was accused of committing listed offenses,[1] three counts of first-degree criminal sexual conduct, MCL 750.520b,[2] against the victim, a minor when those offenses were committed. There was also evidence that defendant previously committed other contemporaneous listed offenses against the victim's sister, when she was likewise a minor. Thus, under MCL 768.27a(1), evidence that defendant committed another listed offense against a minor was admissible, subject to MRE 403. *Watkins*, 491 Mich at 481. Considering the relevant factors under MRE 403, the other acts committed by defendant against the victim and against her sister were strikingly similar, satisfying the first *Watkins* factor. Further, the balance of the *Watkins* factors were satisfied because the assaults of the victim and her sister occurred frequently; the sister's testimony corroborated and added reliability to the victim's testimony; and there was a need for the other acts evidence beyond the victm's testimony, since there was no physical evidence or, due to the nature of the crime, eyewitness testimony to directly support the victim's rendition of events or enhance her credibility. For similar reasons, there was a need for the other acts evidence beyond the victim's and defendant's testimony, *Watkins'* sixth factor, since defendant denied the allegations in defense counsel's arguments for acquittal. *Watkins*, 491 Mich at 487-488.

While *Watkins* suggests that "[t]rial courts should apply this [nonexclusive six-factor] balancing [test] to each separate piece of evidence offered under MCL 768.27a," *Watkins*, 491 Mich at 489, the record shows that the trial court did that at the motion hearing when it examined a "summary of substance of [the] testimony that is expected to be offered" in the form of the CAC forensic interview report of the sister's [and the victim's] testimony. *Watkins* also allows trial courts much latitude in applying the requisite balancing test under MRE 403 and discretion in parsing individual pieces of evidence in this circumstance:

> [T]rial courts retain their discretion under MRE 403 to determine how many separate pieces of other-acts evidence may be admitted. . . . [E]nsuring that the probative value of other-acts evidence is not outweighed by the danger of "confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence" is a responsibility left to the trial court's discretion. [*Watkins*, 491 Mich at 489-490.]

Therefore, the trial court properly exercised its discretion in making its decision to admit all of the other acts evidence testified to by the victim's sister under MCL 768.27a.

Finally, defendant argues that the prosecution failed to produce sufficient evidence linking defendant to the disappearance of a laptop computer, and scoring 10 points for Offense Variable ("OV") 19 was therefore in error. Under the sentencing guidelines, the trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Whether the facts, as

---

[1] MCL 768.27a(2)(a) states: "'Listed offense' means that term as defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722."

[2] MCL 28.722(e) states that a "[l]isted offense" includes violations of MCL 750.520b.

found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. *Id*.

OV 19 of the sentencing guidelines addresses an interference with the administration of justice. MCL 777.49(1); *People v Smith*, 488 Mich 193, 198; 793 NW2d 666 (2010). The trial court must score 10 points under OV 19 if the defendant "interfered with or attempted to interfere with the administration of justice[.]" MCL 777.49(c).

The victim testified that she had not seen the computer since the crimes were reported and had "no idea where it went." The victim's mother had not seen the computer since returning from the hospital with the victim's sister; law enforcement officers did not find it after a search. The trial court upheld the scoring of 10 points for OV 19, and determined that, "the Court can take the evidence and use its common sense and infer. The computer . . . had . . . incriminating evidence on it. . . . Logically, the only person who would have any interest in disposing of [it] would be the defendant. . . ." In assessing points under OV 19, a court may consider defendant's conduct after the completion of the sentencing offense. *Smith*, 488 Mich at 200. The trial court may also rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable. *People v Loper*, 299 Mich App 451, 460; 830 NW2d 836 (2013). Accordingly, the scoring of 10 points for OV 19 was supported by a preponderance of the evidence. *Hardy*, 494 Mich at 438.

Affirmed.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Donald S. Owens