*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 14, 2020

Plaintiff-Appellee,

v

No. 346513
Wayne Circuit Court
LC No. 17-009325-01-FH

DAVID CHRISTOPHER SAVAGE,

Defendant-Appellant.

Before: JANSEN, P.J., and METER and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right jury trial convictions of carrying a concealed weapon (CCW), MCL 750.227, possession of a firearm after having been convicted of a felony (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of felon-in-possession (felony-firearm), MCL 750.227b. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to two to seven years' imprisonment for his CCW conviction, two to seven years' imprisonment for his felon-in-possession conviction, and two years' imprisonment for his felony-firearm conviction. We affirm defendant's convictions, but remand for further sentencing proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

This matter arises out of a traffic stop. Detroit Police Officer Kevin Briggs and his partner, Casey York, were in a fully-marked police vehicle when they observed a dark-gray Suburban truck driven by defendant, traveling northbound and against traffic at a high rate of speed. Defendant turned westbound onto East Hildale, which was also against traffic. Defendant pulled into the driveway of a home, and Akai Gillon, defendant's girlfriend, exited the front passenger seat of the truck and entered the home. Defendant backed out of the driveway and repositioned the truck on East Hildale. The truck driven by defendant then faced Officers Briggs' and York's vehicle, which was parked at the intersection approximately 50 to 75-feet away from defendant's truck.

Officer York illuminated the interior of defendant's truck. Defendant's eyes widened, and defendant moved his right hand down. When defendant's right hand reappeared, Officers Briggs and York observed defendant pass a chrome or stainless-steel colored .22-caliber handgun to

-1-

Damon Harris (Harris), defendant's backseat passenger. Harris reached for the handgun and took it. Defendant and Harris were the only occupants of defendant's truck. Officer Briggs activated his vehicle's lights, and initiated a traffic stop. Officer Briggs issued defendant a ticket for driving without a license and detained defendant, while Officer York detained Harris. Officer Briggs conducted an inventory search and recovered a .22-caliber handgun underneath the second-row backseat, where Harris was seated, directly behind the driver's seat. Officer Briggs also observed that a red solo cup was placed in the cup holder between the driver and passenger seats of the truck. Defendant and Harris denied having concealed pistol licenses, and were arrested for CCW.

Following a jury trial, defendant was found guilty of CCW, felon-in-possession, and felony-firearm, and sentenced as described *supra*. This appeal followed.

## II. JURY INSTRUCTIONS

First, defendant argues he was denied his due process right to a properly instructed jury because the jury instructions given by the trial court did not make clear the differences between the elements of CCW, felon-in-possession, and felony-firearm. Further, defendant argues the trial court should have orally instructed the jury that M Crim JI 11.34b, the standard instruction relating to possession in the context of a felony-firearm charge, was applicable to defendant's felony-firearm, or felony-firearm and felon-in-possession charges only. We disagree.

Defendant failed to preserve this issue by raising it in the trial court. MCR 2.512(C); *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). Ordinarily, "[w]e review de novo claims of instructional error." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011) (citations omitted). However, because defendant's claim of instructional error is unpreserved, this Court's review is for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.") (citations omitted).

"To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (citation omitted). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id*. (footnote omitted). "Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id*. at 763-764 (citation and quotation marks omitted).

"A court must properly instruct the jury so that [the jury] may correctly and intelligently decide the case." *People v Traver*, 502 Mich 23, 31: 917 NW2d 260 (2018) (citation omitted). "The instruction to the jury must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *Id*. "The pertinent rules governing jury instructions are set forth in MCR 2.512 and MCR 2.513." *Id*.

"A criminal defendant has a constitutional right to have a jury determine his or her guilt from its consideration of every essential element of the charged offense." *Kowalski*, 489 Mich at 501 (citations and quotation marks omitted). "A defendant is thus 'entitled to have all the elements of the crime submitted to the jury in a charge which [is] neither erroneous nor misleading[.]' " *Id.* "It is structural error requiring automatic reversal to allow a jury to deliberate a criminal charge where there is a complete failure to instruct the jury regarding any of the elements necessary to determine if the prosecution has proven the charge beyond a reasonable doubt." *Traver*, 502 Mich at 33.

However, "[i]nstructional errors that omit an element of an offense, or otherwise misinform the jury of an offense's elements, do 'not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.' " *Kowalski*, 489 Mich at 501-502 (citations and quotation marks omitted). "Accordingly, an imperfect instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights." *Id.*

"The instruction to the jury must include all elements of the crime charged[.]" *Traver*, 502 Mich at 31 (citation omitted). In this case, before jury deliberations began, the trial court instructed the jury on the elements of each charged crime. The record shows the trial court's oral instructions for CCW, felon-in-possession, and felony-firearm comported with the written instructions provided to the jury, as well as the applicable statutes, and caselaw interpreting those statutes. Likewise, the trial court's oral instructions for regarding possession as an element of the felony-firearm charge comported with the trial court's written instructions, M Crim JI 11.34b, and caselaw explaining possession can be actual or constructive. Most importantly, however, the trial court explained that the CCW charge, the felon-in-possession charge, and the felony-firearm charge were separate and distinct charges, that each crime must be considered "separately in light of all the evidence in the case." A separate verdict form was prepared for each charge. Thus, we find no error.

Defendant also argues that the trial court should have orally instructed the jury that M Crim JI 11.34b was applicable to defendant's felony-firearm, or felony-firearm and felon-in-possession charges only. Defendant asserts this oral instruction was necessary because the manner in which the jury instructions were read could have led the jury to believe the M Crim JI 11.34b instruction was also applicable to defendant's CCW charge.

Here, the trial court orally provided the jury with the felony-firearm possession instruction, M Crim JI 11.34b, immediately after providing the felony-firearm instruction found in M Crim JI 11.34. The written instruction for M Crim JI 11.34b is entitled, 'Felony Firearm—Possession.' On appeal, defendant concedes M Crim JI 11.34b is entitled 'Felony Firearm—Possession,' and that the instruction was properly read to the jury. Given the foregoing, we find no instructional error.

Finally, defendant argues that further oral instruction regarding the separate nature of the charges was necessary because defense counsel and the prosecution did not articulate the distinction between CCW, felon-in-possession, and felony-firearm in their closing arguments.

"As a general rule, juries are presumed to follow their instructions." *People v Mette*, 243 Mich App 318, 330-331; 621 NW2d 713 (2000) (citations omitted). The trial court instructed the jury that defense counsel's and the prosecution's statements, arguments, and questions were not evidence. The trial court repeatedly instructed that the prosecution must prove each of the elements beyond a reasonable doubt and that it was up to the jury to decide whether the testimony and evidence the jurors believed, proved whether defendant was guilty beyond a reasonable doubt.

Following our review of the record, we conclude that the jury instructions were not confusing. The jury instructions made clear the differences between the elements of CCW, felon-in-possession, and felony-firearm. In light of the trial court's instructions, the jury is presumed to have reached a verdict, understanding that statements made by defense counsel and the prosecution during closing arguments were not evidence, *Mette*, 243 Mich App at 330-331, and that instead, they must consider each crime separately in light of all the evidence in the case. Clearly, the jury credited the testimonies of Officers Briggs and York, who testified to observing defendant pass a .22-caliber handgun to Harris, and thus found defendant guilty of the crimes charged. This Court will not interfere with the fact-finder's determinations regarding credibility. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). We conclude that defendant has not established plain error affecting his substantial rights. *Carines*, 460 Mich at 763.

## III. SCORING OF THE GUIDELINES

On appeal, defendant argues that prior offense variable (PRV) 7, offense variable (OV) 13, and OV 19 were incorrectly scored. We address each variable in turn.

Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). Clear error is present when the appellate court is left with a firm and definite conviction that an error occurred. *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012). This Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute ...." *Hardy*, 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88. In scoring OVs, a court may consider all record evidence, including the contents of a presentence investigation report (PSIR), plea admissions, and testimony presented at a preliminary examination. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012).

### A. PRV 7

Defendant first argues, and the prosecution concedes, that the trial court incorrectly assessed 20 points for PRV 7. PRV 7 addresses "subsequent or concurrent felony conviction." MCL 777.57(1). If "[t]he offender has 2 or more subsequent or concurrent felony convictions," the trial court assesses 20 points, MCL 777.57(1)(a), and if "[t]he offender has 1 subsequent or concurrent conviction[,]" the trial court assesses 10 points. MCL 777.57(1)(b). MCL 777.57(2)(b) directs the trial court to "not score a felony[-]firearm conviction in this variable," and MCL 777.57(2)(c) directs the trial court to "not score a concurrent felony conviction if a mandatory consecutive sentence . . . will result from that conviction."

-4-

Here, because the trial court could not consider defendant's felony-firearm conviction in scoring PRV 7, only defendant's CCW conviction and defendant's felon-in-possession conviction qualified as enumerated felonies to be considered by the trial court. MCL 777.16m. Because defendant's CCW conviction is concurrent to his felon-in-possession conviction, the trial court should only have assessed defendant 10 points for PRV 7. MCL 777.57(1)(b). Given the 10 point reduction, we conclude that defendant's correct PRV score is 87 points.

Regardless, a remand on these grounds is not warranted. "[I]f the sentence is within the appropriate guidelines sentence range, it is only appealable if there was a scoring error or inaccurate information was relied upon in determining the sentence and the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand." *People v Francisco*, 474 Mich 82, 88-89; 711 NW2d 44 (2006) (citation omitted). "When a trial court sentences a defendant in reliance upon an inaccurate guidelines range, it does so in reliance upon inaccurate information." *Id*. at 91 n 7 (citation omitted). However, "[w]here a scoring error does not alter the appropriate guidelines range, resentencing is not required." *Id*. at 91 n 8 (citation omitted).

Although defendant's PRV score would be reduced from 97 points to 87 points once PRV 7 is correctly scored, defendant's PRV Level would remain at Level F. Because the scoring error did not alter defendant's recommended sentencing guidelines range, he is not entitled to resentencing on this ground alone. *Francisco*, 474 Mich at 91 n 8.

B. OV 13

Next, defendant argues the trial court was precluded from assessing 10 points for OV 13. We agree.

Because defendant was convicted of CCW and felon-in-possession, which are classified as public safety crimes, MCL 777.16m, the trial court was required to score OV 13. MCL 777.22(5). OV 13 considers a defendant's pattern of criminal behavior. MCL 777.43(1). That statute provides, in relevant part:

> (1) Offense variable 13 is continuing pattern of criminal behavior. Score offense variable 13 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *
>
> (d) The offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property or a violation of section 7401(2)(a)(*i*) to (*iii*) or section 7403(2)(a)(*i*) to (*iii*) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403………………………...10 points
>
> (e) The offense was part of a pattern of felonious criminal activity involving a combination of 3 or more violations of section 7401(2)(a)(*i*) to (*iii*) or section 7403(2)(a)(*i*) to (*iii*) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403……………………………………………………………..10 points

(f) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against property……………………………………………….5 points

(g) No pattern of felonious criminal activity existed………………………..0 points

(2) All of the following apply to scoring offense variable 13:

(a) For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction. [MCL 777.43.]

With respect to the instant convictions, as crimes against public safety, MCL 777.16m, defendant's CCW and felon-in-possession convictions could not be considered by the trial court when scoring OV 13. MCL 777.43(1). Likewise, defendant's felony-firearm conviction could not be considered when scoring OV 13. *People v Bonilla-Machado*, 489 Mich 412, 415-416; 803 NW2d 217 (2011).

Defendant's presentence investigation report (PSIR) detailed that in the five years preceding the instant convictions, defendant had also been convicted of two counts of larceny in a building, MCL 750.360, and two counts of conspiracy to commit larceny in a building, MCL 750.157a, MCL 750.360. In assessing 10 points for OV 13, the trial court considered defendant's two larceny in a building convictions and two conspiracy to commit larceny in a building convictions, explaining:

It says three or more crimes, not three or more cases. In scoring OV-13, all crimes within a five year period including the sentencing offense must be counted without regard to whether the offense resulted in a conviction.

Defendant's two larceny in a building convictions qualify as crimes against property, MCL 777.16r, and thus were properly considered by the trial court when scoring OV 13. However, because "[c]onspiracy does not constitute a crime against a person or property[,]" *People v Goodman*, 497 Mich 888; 854 NW2d 720 (2014), the trial court erred in considering defendant's conspiracy to commit larceny in a building convictions when scoring OV 13. Because defendant had only acquired two crimes against a person or property in the five-year period preceding the instant offenses, the trial court should have scored OV 13 at zero.

We conclude that a remand for resentencing is required here because the scoring error alters the appropriate sentencing guidelines when the points assessed for OV 13 are removed. *Francisco*, 474 Mich at 89. Indeed, defendant now falls into the OV Level II category, which reduces his minimum sentencing guidelines range.

C. OV 19

Finally, defendant argues that the trial court incorrectly assessed 10 points for OV 19. We disagree.

A trial court correctly assesses 10 points for OV 19 when "[t]he offender . . . interfered with or attempted to interfere with the administration of justice . . . ." MCL 777.49(c). "The plain

and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). OV 19 also considers conduct following completion of the sentencing offense. *People v Smith*, 488 Mich 193, 202; 793 NW2d 666 (2010). Moreover, conduct relating to the offender's interaction with the police is an integral component in assessing the administration of justice. *Id*. at 201-202.

In this case, defendant interfered with the administration of justice by lying to the police. When defendant was pulled over, Officers Briggs and York observed defendant pass a .22-caliber handgun to Harris, defendant's backseat passenger. However, when Detective Jason Mays interrogated defendant, defendant indicated that he had passed a red solo cup to Harris, and denied all knowledge of a gun. When Officer Briggs conducted an inventory search of defendant's vehicle, a red solo cup was recovered from the cupholder between the driver's seat and the front passenger's seat, and a .22-caliber handgun was recovered from underneath the second-row backseat where Harris had been sitting. Defendant later admitted to police that he only learned Harris was in possession of a handgun when he passed Harris the solo cup. Defendant further testified that Harris was involved in an altercation over money earlier that day, and that Harris stayed "strapped up."

The inconsistency between defendant's claims and the locations of the items recovered from the vehicle establish that at least some of defendant's statements to police were false. Defendant's "actions ultimately constituted fabrications that were self-serving attempts at deception obviously aimed at leading police investigators astray or even diverting suspicion onto others and away from him." *People v Eriksen*, 288 Mich App 192, 204; 793 NW2d 120 (2010). See also *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016), where this Court concluded that investigating a crime is critical to the administration of justice, and that lying to the police to avoid being caught or to avoid being held accountable justifies a 10-point assessment for OV 19. Accordingly, the trial court did not err by assessing 10 points for OV 19.

## IV. CONCLUSION

We affirm defendant's convictions, but remand for re-sentencing, consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Thomas C. Cameron