YOUNG, J.
The issue presented in this case is whether offense variable (OV) 19, MCL 777.49, maybe scored for aggravating conduct that occurred after the sentencing offense was completed. In People v McGraw, this Court held that “[o]ffense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable.”[1] Here, we hold that because the circumstances described in OV 19 expressly include events occurring after the completion of the sentencing offense, scoring OV 19 necessarily is not limited to consideration of the sentencing offense. Thus, under the exception to the general rule set forth in McGraw, the offense variable may be scored for conduct that occurred after the sentencing offense was completed. We reverse the judgment of the Court of Appeals in part and reinstate defendant’s sentence for manslaughter.
PACTS AND PROCEDURAL HISTORY
This case stems from an automobile collision in Jackson County in June 2007. Defendant was driving his 1993 Cadillac with three passengers, including Nicole Wolfe, who sat in the front passenger seat. Wolfe testified that defendant drove recklessly and at a high rate of speed when he pulled into a lane of oncoming traffic as a green truck approached. When Wolfe screamed in fear, defendant indicated that the truck would pull off the road. Thomas Lantz, the driver of the green truck, observed defendant driving toward his truck at a high rate of speed. Lantz testified that he pulled over as far as he could, but was unable to move *196 completely off of the road because road construction precluded it. At the last moment, defendant swerved back into the proper lane, avoiding the collision with the truck.
After the near collision with Lantz’s truck, defendant accelerated through the construction zone and crested a hill. A short distance away, the victim, Diane Sigers, sat in her compact automobile, attempting to make a left turn from a cross street. Wolfe testified that she could see the side of the victim’s car and her head as defendant’s car approached. Wolfe again screamed, telling defendant that the victim’s car would not clear the road in time. Defendant assured her that the car would get out of his way, and further increased his speed. Wolfe remembered that defendant applied the brakes just before impact, but was too late to avoid colliding with Sigers at a high rate of speed. The forensic pathologist testified that the victim died within a few seconds after the collision because of the massive injuries she sustained.
Wolfe spent two days in the hospital, having suffered six fractured ribs, a ruptured spleen, and a bruised heart in the collision. After she was discharged from the hospital, defendant began contacting her via telephone. Defendant told Wolfe that she “shouldn’t talk to anybody” because “there was no proof of anything” and that defendant “was innocent” as long as Wolfe remained quiet. Defendant told Wolfe that if he could not “take care of the problem,” then he would “have somebody else do it for” him. As a result of such statements, Wolfe was initially reluctant to speak with the police. Eventually, Wolfe did speak with the police, relaying what she recalled from before the collision, as well as defendant’s statements to Wolfe after she was released from the hospital.
*197 A jury convicted defendant of manslaughter,[2] reckless driving,[3] and witness intimidation.[4] At sentencing, defense counsel made two objections to the scoring of the sentencing guidelines, including arguing that defendant’s witness intimidation conviction precluded the scoring of OV 19 for the manslaughter conviction. The trial court rejected the argument, ruling that defendant’s attempt to interfere with the administration of justice was a “separately cognizable consideration[] within the sentencing guidelines .. ..” The recommended minimum sentence range for defendant’s manslaughter conviction was 50 to 125 months’ imprisonment. Defendant was sentenced within the sentencing guidelines as a second-offense habitual offender[5] to 10 to 22 years for manslaughter, along with a concurrent sentence of 5 to 15 years for witness intimidation.[6]
In his appeal of right, defendant argued that scoring OV 19 in addition to his conviction for witness intimidation amounted to “doubly penalizing” defendant. In an unpublished opinion per curiam,[7] the Court of Appeals affirmed defendant’s convictions but remanded for resentencing, relying on this Court’s recently decided opinion in McGrow. After noting the rule of McGrow that offense variables may not be scored for conduct that occurred after the completion of the sentencing offense unless provided for in the particular variable, the Court of Appeals ruled that OV 19 “does *198 not expressly or specifically provide” for the consideration of conduct that occurred after the completion of the sentencing offense.[8] Because defendant’s threatening statements to Wolfe were committed after the manslaughter was completed, the Court of Appeals held that defendant should have received zero points for OV 19. The Court of Appeals affirmed defendant’s convictions but remanded for resentencing on the manslaughter conviction because defendant’s minimum sentence fell outside the corrected guidelines range of 43 to 107 months’ imprisonment.[9]
Both defendant and the prosecution sought leave to appeal in this Court. We denied defendant’s application[10] and granted the prosecution leave to appeal, “limited to the issue whether points may be assessed pursuant to MCL 777.49 (OV 19) for conduct that occurs after the sentencing offense is completed.”[11]
STANDARD OF REVIEW
The interpretation and application of the legislative sentencing guidelines, MCL 777.1 et seq., involve legal questions that are reviewed de novo.[12]
ANALYSIS
The statutory provision for OV 19 can be found at MCL 777.49, which provides:
Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services. Score *199 offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
(a) The offender by his or her conduct threatened the security of a penal institution or court...............25 points
(b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services..........................15 points
(c) The offender otherwise interfered with or attempted to interfere with the administration of justice ... 10 points
(d) The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force .... 0 points
In McGraw, this Court held that “[o]ffense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable.”[13] Therefore, we must consider whether OV 19 provides for the “consideration of conduct after completion of the sentencing offense.”[14]
As an initial matter, we note that the sentencing guidelines categorize all felonies into one of six distinct offense categories: crimes against a person, crimes against property, crimes involving a controlled substance, crimes against public order, crimes against public trust, and crimes against public safety.[15] These six offense categories encompass a broad variety of crimes, ranging from kidnapping[16] to removing a shrub *200 within a highway right of way without a permit in order to make a sign more visible.[17] The Legislature has also directed, without exception, that OV 19 be scored for each and every one of these offense categories.[18]
The aggravating factors considered in OV 19 contemplate events that almost always occur after the charged offense has been completed. For example, pursuant to MCL 777.49(a), 25 points are assessed under OV 19 for conduct that threatens “the security of a penal institution or court. ...” It is axiomatic that every defendant charged with a felony must, at a minimum, enter a court in order to have his criminal charges resolved.[19] And while not every criminal defendant is required to confront a penal institution in consequence of his felonious activity, by the time a defendant encounters either a courthouse or a penal institution, the sentencing offense has long been completed. The express consideration of these events explicitly indicates that post-offense conduct may be considered when scoring OV 19.
The Criminal Defense Attorneys of Michigan argues as amicus curiae that a defendant may be properly assessed 25 points under OV 19, but only if the underlying sentencing offense itself threatened the security of a courthouse or penal institution, such as when the sentencing offense was committed while the defendant was in prison. However, nothing in the language of MCL 777.49(a) is limited to those instances in which the sentencing offense itself occurred within a court or penal institution. Moreover, as noted earlier, the Legislature has specifically commanded that OV 19 be scored for every category of felony. If the scoring of OV 19 were *201 limited to felonies that threatened the security of a court or penal institution, it would be unclear how the full force of OV 19 could ever be applied to crimes that do not, in and of themselves, threaten the security of a court or penal institution, such as operating a locomotive under the influence of alcohol and causing death,[20] arson of woods and prairies,[21] or entering a horse in a race under a false name.[22]
Additionally, OV 19 requires the assessment of 15 points if a defendant used force or the threat of force against another person or another person’s property to interfere with “the administration of justice or the rendering of emergency services . . . .”[23] Ten points are assessed under OV 19 if the defendant interfered with the administration of justice, but did so without the use of force or a threat of force.[24] In People v Barbee[25] this Court addressed the meaning of interference with the administration of justice within OV 19. In Barbee, the defendant gave a police officer a false name during a traffic stop. The defendant pleaded guilty of operating a motor vehicle while intoxicated, third offense.[26] Because the defendant gave the police a false name, the trial court assessed 10 points for OV 19. This Court upheld the scoring, rejecting the defendant’s argument that OV 19 could only be scored when the defendant’s conduct interfered with the judicial process. Rather, we concluded that interference with the administration of justice “encompasse[d] more than just the actual judi *202 cial process” and that the scoring of OV 19 was proper because the police “are an integral component in the administration of justice, regardless of whether they are operating directly pursuant to a court order.”[27] The “administration of justice” process, including the “actual judicial process,” is not commenced until an underlying crime has occurred, which invokes the process. Because OV 19 specifically provides for the “consideration of conduct after completion of the sentencing offense,”[28] conduct that occurred after an offense was completed may be considered when scoring the offense variable.
CONCLUSION
Because the circumstances described in OV 19 expressly include events occurring after a felony has been completed, the offense variable provides for the “consideration of conduct after completion of the sentencing offense.”[29] Under the exception to the general rule set forth by this Court in McGrow, OV 19 may be scored for conduct that occurred after the sentencing offense was completed. We reverse the judgment of the Court of Appeals in part and reinstate defendant’s sentence for manslaughter.
Corrigan, Markman, Hathaway, and Davis, JJ., concurred with Young, J.

 People v McGraw, 484 Mich 120, 133; 771 NW2d 655 (2009).

 MCL 750.321.

 MCL 257.626.

 MCL 750.122(7)(b).

 MCL 769.10.

 The sentence for witness intimidation was an upward departure. Defendant received time served for the reckless driving conviction.

 People v Smith, unpublished opinion per curiam of the Court of Appeals, issued November 19, 2009 (Docket No. 286479).

 Id. at 5.

 People v Francisco, 474 Mich 82, 89-91; 711 NW2d 44 (2006).

 People v Smith, 485 Mich 1134 (2010).

 People v Smith, 485 Mich 1133 (2010).

 People v Morson, 471 Mich 248, 255; 685 NW2d 203 (2004).

 McGraw, 484 Mich at 133.

 Id. at 133-134.

 MCL 777.5.

 MCL 750.349. Kidnapping is categorized as a crime against a person. MCL 777.16q.

 MCL 252.311. Unauthorized shrubbery removal in a highway right of way is categorized as a crime against property. MCL 777.12b.

 MCL 777.22.

 MCL 767.1.

 MCL 462.353(6); MCL 777.14m.

 MCL 750.78; MCL 777.16c.

 MCL 750.332; MCL 777.16q.

 MCL 777.49(b).

 MCL 777.49(c).

 People v Barbee, 470 Mich 283; 681 NW2d 348 (2004).

 MCL 257.625.

 Barbee, 470 Mich at 288.

 McGraw, 484 Mich at 133-134.

 Id.