# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RYAN SCOTT WELSHANS,

       Defendant-Appellant.

UNPUBLISHED
August 16, 2018

No. 338517
Huron Circuit Court
LC No. 13-305664-FH

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendant was convicted of operating or maintaining a controlled substance laboratory involving methamphetamine, MCL 333.7401c(2)(f); operating or maintaining a controlled substance laboratory near a residence, MCL 333.7401c(2)(d); manufacture of methamphetamine, MCL 333.7401(2)(b)(*i*); possession of methamphetamine, MCL 333.7403(2)(b)(*i*); and maintaining a drug house, MCL 333.7405(1)(d). On appeal to a prior panel of this Court, the prior panel affirmed defendant's convictions, but remanded for the trial court to determine whether a preponderance of the evidence supported assessing defendant ten points for offense variable (OV) 19. *People v Welshans*, unpublished per curiam opinion of the Court of Appeals, issued December 9, 2014 (Docket No. 318040). On remand, the trial court concluded that the assessment of 10 points for OV 19 was supported by a preponderance of the evidence and denied defendant's motion for resentencing. We affirm.

## I. BACKGROUND

The facts underlying defendant's convictions were discussed throughout this Court's prior opinion and need not be recalled at length here. Pertinent to the instant appeal, the trial court received testimony from Detective Kevin Knoblock, who investigated defendant for the above methamphetamine-related crimes, and from defendant's roommate, Thomas Conley, who sold heroin out of the same residence. According to Detective Knoblock, when he interviewed defendant, defendant denied knowing that Conley was selling heroin at the residence. Defendant, however, testified at trial that he knew that Conley was, in fact, selling heroin out of the home.

Regarding the methamphetamine-related crimes, defendant, Conley, and a third person, Ronald Hartman, visited an ACE Hardware store to purchase ingredients to make methamphetamine. Conley testified that defendant was present and knew that the purchases

-1-

were being made for the purpose of manufacturing methamphetamine. According to Conley, defendant even used his ACE Hardware rewards card to assist in the purchase. Defendant testified that, although he went to the store with Hartman and Conley, he did not know that the two men were planning on purchasing items to manufacture methamphetamine. According to defendant, he left the store before any purchases were made. Contrary to defendant's version of the events, an ACE Hardware employee testified that defendant was present during the purchase and that the store's records showed that defendant did use his rewards card to assist in the purchase.

On remand, the trial court determined that a preponderance of the evidence established that, during the criminal investigation, defendant lied to Detective Knoblock about his knowledge of drugs sales out of his residence and that defendant was dishonest at trial. Accordingly, the trial court concluded that a preponderance of the evidence established that defendant had interfered with the administration of justice and that a 10-point assessment was proper under OV 19 for each of defendant's convictions.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred by assessing 10 points for OV 19 because there was no evidence that he intended to interfere with the investigation that resulted in his methamphetamine-related convictions and that this error denied him due process. Defendant does not dispute that he lied to Detective Knoblock; rather, defendant argues that his statement to Detective Knoblock related to Conley's heroin sales and therefore cannot establish that he aimed to interfere with the administration of justice as to the sentencing offenses, which involved the manufacture and sale of methamphetamine rather than heroin.

The proper interpretation and application of the sentencing guidelines is a legal question that this Court reviews de novo. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation which an appellate court reviews de novo." *Id*.

MCL 777.49(c) directs trial courts to assess 10 points under OV 19 if the defendant "interfered with or attempted to interfere with the administration of justice." For the purposes of OV 19, the plain meaning of interference with the administration of justice is "to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). "Attempting to deceive police during an investigation" and "committing perjury in a court proceeding" constitute interference with the administration of justice. *Id*. at 344.

Defendant does not deny that he was untruthful in his interview with Detective Knoblock. Rather, defendant argues that he cannot be assessed 10 points under OV 19 because the untruthfulness does not relate to his methamphetamine-related convictions. Generally, the

scoring of the offense variables is offense-specific. *People v McGraw*, 484 Mich 120, 127; 771 NW2d 655 (2009). Yet, OV 19 is excepted from this general rule, and the trial court may consider post-offense conduct when scoring OV 19. *People v Smith*, 488 Mich 193, 199, 202; 793 NW2d 666 (2010). Here, defendant admitted at trial that he knew about Conley's heroin operation. Defendant's earlier lie to Detective Knoblock denying knowledge of the heroin operation is a classic example of an attempt to deceive police, and therefore constitutes interference with the administration of justice warranting a 10-point score under OV 19. Moreover, the record establishes by a preponderance of the evidence that defendant was untruthful in his trial testimony. Defendant's testimony that he did not know that Hartman and Conley were preparing to manufacture methamphetamine and took no part in the purchase of the methamphetamine components was directly contradicted by Conley, the ACE Hardware employee, and the ACE Hardware store records. Thus, defendant's perjured testimony at trial was sufficient to support his 10-point score for OV 19 apart from defendant's untruthfulness about Conley's heroin operation. The trial court did not err by assessing 10 points under OV 19 and, accordingly, the score does not infringe upon defendant's due-process rights.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly