*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WESLEY DALE MITCHELL,

        Defendant-Appellant.

UNPUBLISHED
December 15, 2022

No. 359563
Van Buren Circuit Court
LC No. 2019-021991-LH

Before: GLEICHER, C.J., and MARKEY and RICK, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's judgment of sentence on a probation violation sentencing hearing. At his original sentencing for one count of methamphetamine possession, MCL 333.7403(2)(b)(*i*), defendant received a sentence of six months in jail, with credit for 91 days previously served. Defendant was also placed on probation for two years, subject to conditions including in person reporting, random drug testing, and payment of court ordered costs and fees. After his placement into the Swift and Sure Sanctions Probation Program (SSSPP)[1] and following a series of probation violations, including absconding from in-patient substance abuse treatment, the trial court revoked defendant's probation and sentenced him to 24 months to 10 years' imprisonment, with credit for 242 days served. We affirm.

Defendant entered a plea agreement with the prosecution dismissing several other charges unrelated to this appeal. Initially, defendant failed to attend the sentencing hearing for this conviction in June 2019. A presentence investigation report (PSIR) was prepared before defendant failed to appear at sentencing, recommending a minimum sentencing range of 10 to 23 months' imprisonment.

Defendant eventually appeared for sentencing on September 3, 2019. The trial court did not immediately sentence defendant to prison, but instead placed him on two years' probation,

---

[1] MCL 771A.1, *et seq*.

subject to certain terms and conditions, including that he successfully complete the Swift and Sure Sanctions Probation Program (SSSPP)[2]. Defendant received a jail sentence of six months, with credit for ninety-one (91) days. Defendant was ordered to serve the remainder of his jail sentence beginning November 1, 2019, due to his medical condition.

Thereafter, on September 24, 2019, the trial court authorized a bench warrant based on allegations that defendant violated his probation. Defendant subsequently pleaded guilty to the violation. On November 18, 2019, the trial court sentenced defendant to serve an additional 30 days in jail for the violation, with an out date of January 1, 2020. The trial court continued defendant in SSSPP. The trial court scheduled defendant's orientation into SSSPP for December 16, 2019. In advance of that hearing, defendant and his probation officer reviewed the SSSPP participation agreement, the consent and release of information form, the SSSPP rules and conditions form, the drug testing instructions form, the approved medications list, and the SSSPP sanctions schedule. Defendant signed the documents on December 11, 2019.

Defendant struggled tremendously in SSSPP. After committing substance abuse related probation violations in January 2020 and February 2020, the trial court kept defendant in the program. The court then sent defendant to a residential treatment facility to address his severe substance abuse disorder. Defendant subsequently absconded from the facility in March 2020. The police eventually located him a year later. He was arrested. Defendant tested positive for marijuana, methamphetamines, and amphetamines, triggering another probation violation. While that matter was pending, defendant was cited for another violation, arising out of defendant's being charged with a new felony. Thereafter, on April 16, 2021, the trial court arraigned defendant on the newest violation. Defendant's matters were scheduled for hearing on April 26, 2021, to address the probation violation sentencing on the absconder charge, a status conference on the probation violation allegations related to the positive drug test (marijuana, methamphetamines, and amphetamines), and a status conference related to the new felony drug charge. Ultimately, the trial court revoked defendant's probation under SSSPP. The trial court sentenced defendant to twenty four (24) months to ten (10) years' incarceration with the Michigan Department of Corrections. The trial court gave defendant credit for 242 days previously served, waived the late

---

[2]"The swift and sure sanctions probation program (SSSPP) is an intensive probation supervision program that targets high-risk felony offenders with a history of probation violations or failures. Governed by MCL 771A.1 *et seq.*, SSSPP is modeled on Hawaii's Opportunity Probation with Enforcement (HOPE) program, which studies have shown to be very successful in improving the rate of successful completion of probation among high-risk probationers.

SSSPP participants are closely monitored, including being subjected to frequent random testing for drug and alcohol use and being required to attend frequent meetings with probation and/or case management staff. SSSPP aims to improve probationer success by promptly imposing graduated sanctions, including small amounts of jail time, for probation violations. Judges in Michigan's SSSPP courts have reported a reduction in positive drug tests and failures to appear at scheduled meetings with probation officers among their SSSPP participant population." https://www.courts.michigan.gov/administration/court-programs/swift-and-sure-sanctions-probation-program/

fee and imposition of attorney fees, and reaffirmed imposition of statutory costs and the crime victim fee assessment.

At the sentencing hearing when the trial court revoked his probation, defendant had objected to the court's rescoring 10 points for OV 19. The trial court added these points due to defendant's failure to attend the original sentencing hearing in July, 2019. When asked why he missed his court date, defendant testified that the only reason he missed the court date was that he relied on his brother for transportation to court and his brother mixed up the court date. The trial court then asked why defendant did not turn himself in on the bench warrants when he realized he had missed the sentencing hearing, defendant stated that he did not know. The trial court found by a preponderance of evidence that defendant interfered or attempted to interfere with the administration of justice for failing to appear for his original sentencing in 2019. The trial court noted

> The evidence preponderates in favor of the notion that Mr. Mitchell intentionally failed to appear for sentencing when compared to his statements today that he just doesn't remember what happened. I've got the report that he had to be picked up by sheriff's department deputies on this bench warrant as well as other matters, so this does not (inaudible) where someone is in the hospital or otherwise legitimately unable to appear for a sentencing event. By not showing we had to delay the sentencing of that and therefore he delayed the Court's ability to administer my judgement of sentence.

Thereafter, the trial court assessed 10 points for OV 19, which resulted in a guidelines range of 19 to 38 months as a minimum guideline range. The trial court then sentenced defendant to 24 months to 10 years' imprisonment.

Defendant now appeals.

On appeal, defendant argues that the trial court erred when it assessed 10 points for OV 19 and that zero points should have been assessed for OV 19. Defendant argues that the trial court could not consider the failure to appear at sentencing because it was unrelated to the underlying conviction. Further, he argues that the trial court committed error when it determined that defendant intentionally failed to appear at his sentencing hearing. Instead, he argues that the evidence in the record establishes that defendant's health problems and reliance on others for transportation prevented him from attending his sentencing. We disagree, and find that the trial court properly assessed 10 points for OV 19.

Under the sentencing guidelines, this Court reviews the trial court's factual determinations for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

Under MCL 777.49(c), a trial court should score 10 points for OV 19 if it determines that "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice, or directly or indirectly violated a personal protection order". By default, "[o]ffense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). "OV 19 specifically provides for the consideration of conduct after completion of the sentencing offense, conduct that occurred after an offense was completed may be considered when scoring the offense variable." *People v Smith*, 488 Mich 193, 202; 793 NW2d 666 (2010) (quotation marks and citation omitted).

For the purposes of OV 19, the plain and ordinary meaning of interfering with the administration of justice means "to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). Interfering with the administration of justice "is a broad phrase that *can* include acts that constitute 'obstruction of justice,' " but "is not limited to *only* those acts that constitute obstruction of justice.' " *People v Barbee*, 470 Mich 283, 286; 681 NW2d 348 (2004). Further, "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016).

By failing to appear at the June 24 sentencing hearing, defendant attempted to avoid being held accountable for the sentencing offense. Such conduct falls squarely within the purview of OV 19. See *Sours*, 315 Mich App at 349. In this case, the conduct alleged to have interfered with the administration of justice was defendant's failure to attend sentencing for the possession conviction. Defendant's failure directly impacted the trial court's ability to sentence defendant for the underlying conviction. He did not show up late for sentencing. He did not present himself to the court or law enforcement when he learned the court had issued a bench warrant for his failure to appear. Rather, he remained out in the community until the law caught up with him. Judicial proceedings could not continue until defendant was picked up on the bench warrants months after the trial court was scheduled to sentence defendant. Defendant succeeded in avoiding being held accountable for the offense during that time, and this conduct is, therefore, appropriately considered under OV 19. See *id*. Defendant's argument that the trial court erred by assessing 10 points for OV 19 because defendant's act of missing a sentencing hearing was unrelated to the underling conviction is unpersuasive.

Defendant argues that it was not established on the record that he was able to comply with the requirement that he appear at sentencing because of his poor health and lack of transportation. At the sentencing hearing, the trial court reasoned that 10 points must be assessed for OV 19 because defendant had to be picked up on bench warrants and other new charges in order to be sentenced. At sentencing, defendant testified that he missed the sentencing hearing because his brother mixed up his court date. Defendant stated that he could not remember why he did not turn himself in on the warrants in the intervening weeks before he was arrested. Defendant himself asserted he was not hospitalized during the time between his sentencing and arrest. Defendant's inability to recall why he missed the hearing, in combination with his eventual arrest on two bench warrants and a new charge, comport with the trial court's findings that defendant intentionally failed to appear at sentencing. Therefore, defendant has failed to show that the trial court's factual determinations were in clear error. See *Hardy*, 494 Mich at 438.

To the credit of this trial court, it could have sentenced defendant to prison at his original sentencing in September 2019. Recognizing defendant's significant history of substance abuse disorder, the trial court elected to divert defendant to its SSSPP program in the hope of helping defendant. This is evident by the trial court's compassionate comments made at defendant's probation violation sentencing hearing at issue.

> Mr. Mitchell I'm certainly mindful of substance use disorders and how extraordinarily difficult it is to get into a life of recovery and make it your priority for the rest of your life. That's why people are given so many opportunities to adopt that lifestyle. It's not easy, it's hard, and people make mistakes and they side-step and then they back-step. But when I look through your case I'm just not seeing someone who is fighting tooth and nail for recovery and making some mistakes here and there. I'm seeing someone who got on Swift and Sure and just continued not only using, but just criminogenic thinking, the same life you were living. You've had tons of violations, you absconded K-Pep when they found a package delivered to you under the pretense of a bag of sugar that had a syringe in it, rather than faced [sic] that you absconded. You've been gone a year on this last round and another time police found you hiding in a house again, not someone who is struggling mightily for their own recovery and needs more help from us, it's someone who is trying to not in fact be supervised and continue the life that you've been leading and it's sad because when I look at your photographs you have so many victims to your use, your own family, your own loved ones are victims of your unwillingness at this point in your life to truly want and adopt the life of recovery. You do have a long serious criminal history involving home invasions, larcenies methamphetamine. Your success on supervision is lacking. So I do believe you pose a public safety threat at this time and I'm going to focus primarily on that as well as perhaps another time out will cause you to think about your recovery and what you want to do with the remainder of your life. I think you still can turn this around but you've got to want it and I'm not seeing it yet.

This trial court exercised patience and compassion with defendant. Contrary to defendant's claimed error, the trial court did not hold defendant's medical or transportation needs against him. The trial court did not err when it determined that defendant interfered with the administration of justice and assessed 10 points for OV 19.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Michelle M. Rick