*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER SHAUN HAZEN,

        Defendant-Appellant.

UNPUBLISHED
September 21, 2023

No. 363097
Berrien Circuit Court
LC No. 2022-000836-FH

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Defendant got into a physical altercation with his mother, removed her phone from her use, took her bank card, and unlawfully took his neighbor's vehicle. He was convicted of the unlawful driving of an automobile, removing a financial transaction device, and interference with electronic communication, and he was sentenced as a second-offense habitual offender. We affirm, but remand for an administrative correction consistent with this opinion.

Defendant's mother refused to allow defendant to drive her vehicle. In response, defendant broke items around his mother's home, ripped the "telephone line out" when his mother attempted to call her grandson, and took a pillow to cover his mother's face until she told him where the keys to her vehicle were. Defendant took the keys to his mother's car from her purse, and he also took his mother's bank card. The grandson called the police when he arrived. Defendant fled into the woods once the police arrived, and it was later determined that defendant then subsequently took his neighbor's car, without permission, after he found the car unlocked and the keys in the ignition.

Defendant entered into a plea agreement in which he pleaded guilty to unlawful driving away of an automobile, MCL 750.413; stealing, taking, or removing a financial transaction device, MCL 750.157n(1); and interference with electronic communication, MCL 750.540(5)(a). His plea agreement included a second-offense habitual offender supplement.

During his sentencing, defendant raised several objections to his offense variable (OV) assessments. Relevant to this appeal, defendant argued that OV 12 and OV 13 were improperly calculated based on defendant's prior offenses, and he requested that OV 13 be enhanced from

-1-

zero points to 10 points. Additionally, he argued that OV 19 should have been reduced from 15 points to zero or 10 points because he did not use force when stealing his neighbor's vehicle.

The trial court agreed with defendant and reduced the assessment for OV 12 from 25 points to 10 points, and enhanced the assessment for OV 13 from zero points to 10 points. The trial court, however, disagreed with defendant regarding OV 19, and it maintained the 15-point assessment because defendant did use force, even if minimally. The trial court then inquired about the sentencing-guideline range, and defense counsel stated that defendant had pleaded as a second-offense habitual offender.

Defendant now appeals by leave granted. *People v Hazen*, unpublished order of the Court of Appeals, entered November 2, 2022 (Docket No. 363097). The prosecutor has chosen not to file a brief or otherwise participate in this appeal.

Defendant first argues that OV 13 and OV 19 were improperly scored. This Court reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A finding of fact is clearly erroneous if, after review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Antwine*, 293 Mich App 192, 194; 809 NW2d 439 (2011) (cleaned up).

Defendant argues on appeal that the trial court improperly scored OV 13 at 10 points because his prior offenses were already considered in the assessment of OV 12, and OV 13 should be assessed at zero points. Defendant ignores, however, that an appealable error cannot be an error "to which the aggrieved appellant has contributed by planned or neglectful omission of action on his part." *Smith v Musgrove*, 372 Mich 329, 337; 125 NW2d 869 (1964). A party may not express approval of the trial court's actions and then assert that it was error for the trial court to take the agreed-upon action. See *Hodge v Parks*, 303 Mich App 552, 556; 844 NW2d 189 (2014).

In this case, defendant expressly requested that the trial court rescore OV 13 from zero points to 10 points, and the trial court agreed. Defendant expressly approved of the trial court's actions, and this extinguishes any claim of error regarding that action. See *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000).

Defendant also argues that the trial court erred when it assessed OV 19, and it should be assessed zero points because defendant did not use the necessary force, or knowingly flee from the police, to constitute an assessment of 15 points. OV 19 addresses "a threat to the security of a penal institution or interference with the administration of justice or the rendering of emergency services." MCL 777.49. MCL 777.49(b) provides that 15 points are to be assigned if "[t]he offender used force or the threat of force against another person or the property of another person . . . " "The plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013) (cleaned up).

In *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010), this Court considered the force that the defendant used, when opening the door of an unlocked camper without permission, to be force that was sufficient to constitute an assessment of 15 points under OV 19. In this case, defendant entered his neighbor's unlocked vehicle without permission. Similar to the defendant in *Smith*, defendant used some force to open the unlocked door. Defendant exerted more force on the property, however, when he drove the vehicle away. Additionally, defendant did not take the vehicle until after the police arrived. There is a preponderance of evidence on the record to conclude that defendant used force to open the door of the vehicle and flee after the police arrived. Thus, the trial court did not err in assessing OV 19 at 15 points. See *Hardy*, 494 Mich at 438.

Next, defendant argues that he did not admit to being a habitual offender, and the trial court erred by sentencing him as such. Defendant ignores, however, that his counsel stated on the record that defendant had entered into the plea agreement with the supplemental information that he would be sentenced as a second-offense habitual offender. As stated earlier, defendant's express approval of the trial court's actions extinguishes any claim of error to that action. See *Carter*, 462 Mich at 215-216. Further, the presentence investigation report detailed defendant's prior felony convictions. Accordingly, the trial court did not err when it sentenced defendant as a second-offense habitual offender.

Lastly, defendant's judgment of sentence notes that defendant was charged under MCL 750.157n(2). The record reflects, however, that defendant was actually charged under MCL 750.157n(1). Although it has no effect on the sentence imposed by the trial court, this error should be corrected to reflect defendant's correct charge. See *People v Herndon*, 246 Mich App 371, 393; 633 NW2d 376 (2002).

Defendant's convictions and sentence are affirmed, and this case is remanded for the administrative task of correcting defendant's judgment of sentence to reflect accurately defendant's convictions. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney

-3-