*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHANE DAVID LAYER,

Defendant-Appellant.

UNPUBLISHED
October 16, 2024
1:53 PM

No. 367317
Grand Traverse Circuit Court
LC No. 2022-014223-FC

Before: YATES, P.J., and CAVANAGH and MARIANI, JJ.

PER CURIAM.

Defendant pleaded guilty to operating a vehicle while intoxicated, third offense (OWI 3rd), MCL 257.625(1). The trial court sentenced defendant, as a second-offense habitual offender, MCL 769.10, to 18 to 90 months' imprisonment. Defendant appeals his sentence by leave granted.[1] Because the trial court sentenced defendant based on an erroneously calculated sentencing guidelines range, we vacate defendant's sentence and remand for resentencing.

## I. BACKGROUND

This case stems from a traffic stop of defendant's vehicle. A sheriff's deputy was dispatched to defendant's home following a 911 call from defendant's wife, who reported that defendant had been consuming alcohol that evening and left the home in a green Ford Ranger. On the way to defendant's residence, the deputy spotted a green Ford Ranger and conducted a traffic stop. During the stop, defendant admitted that he drank three beers and stated that he had "a nice buzz." The deputy attempted to administer a preliminary breath test (PBT), but defendant refused to take the PBT or perform any field sobriety tests. The deputy arrested defendant and transported him to Munson Medical Center (Munson) for a blood draw, which was conducted after the deputy

---

[1] See *People v Layer*, unpublished order of the Court of Appeals, entered October 5, 2023 (Docket No. 367317).

obtained a search warrant for the blood draw. The blood test revealed a blood alcohol content of 0.171 grams of alcohol per 100 milliliters of blood.

Defendant pleaded guilty to OWI 3rd. At sentencing, the trial court stated that scoring ten points under offense variable (OV) 19, pertaining to interference with the administration of justice, was appropriate because defendant refused to get out of the vehicle when the deputy asked him to do so, refused "a drug test," and "was sent to Munson for a drug test." Defendant challenged the score, arguing that he had a right to refuse a PBT, even under Michigan's implied consent law. The trial court responded as follows:

> Well, the police officer had to drive him to Munson. They have to wake up some magistrate who is sound asleep in the middle of the night and have the magistrate sign everything. And then Munson has to, you know, do the blood draw and deal with all of that. It seems to me that interferes with the administration of justice in violation of a direct statutory obligation under the implied consent law to participate. So I will score OV 19 as 10 points.

Increasing the upper limit of the minimum sentencing guidelines range based on defendant's habitual offender status, defendant's sentencing guidelines range was 12 to 30 months. The trial court sentenced defendant to 18 to 90 months' imprisonment. Defendant filed this appeal after the trial court denied his motion to correct an invalid sentence.

## II. ANALYSIS

"Under the sentencing guidelines, a trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). Whether the facts, as found, support the particular score assessed is a question of statutory interpretation, which we review de novo. *People v Ziegler*, 343 Mich App 406, 411; 997 NW2d 493 (2022).

OV 19 concerns, among other matters, interference with the administration of justice. MCL 777.49. Under MCL 777.49(c), ten points should be scored if the offender "interfered with or attempted to interfere with the administration of justice" without the use of force or the threat of force. "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016). Accordingly, "postoffense conduct may be considered when scoring OV 19." *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010).

Defendant argues that the trial court erroneously scored ten points under OV 19 because he had statutory and constitutional rights to refuse the roadside PBT. Defendant's argument is misplaced because the trial court did not score points under OV 19 based on defendant's refusal to submit to a PBT. Rather, after defendant objected to scoring points on the basis that he had "the right to refuse the roadside test," the trial court stated that scoring ten points was appropriate because the deputy "had to drive [defendant] to Munson" and "wake up some magistrate who is

sound asleep in the middle of the night and have the magistrate sign everything." Thus, the record shows that the trial court ultimately justified scoring ten points under OV 19 because of the blood draw and, in particular, because the deputy had to obtain a search warrant for the blood draw. As this Court explained in *People v Teike*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 363705, issued October 12, 2023), a trial court may not assess points under OV 19 in such circumstances.

Michigan's implied consent statute, MCL 257.625c, states, in relevant part:

(1) A person who operates a vehicle upon a public highway . . . is considered to have given consent to chemical tests of his or her blood, breath, or urine for the purpose of determining the amount of alcohol or presence of a controlled substance or other intoxicating substance, or any combination of them, in his or her blood or urine or the amount of alcohol in his or her breath in all of the following circumstances:

(a) If the person is arrested for a violation of section 625(1) . . . .

* * *

(3) The tests shall be administered as provided in section 625a(6).

In this case, defendant was arrested for violating section 625(1). Moreover, section 625a(6) states, in relevant part:

The following provisions apply to chemical tests and analysis of a person's blood, urine, or breath, other than a preliminary chemical breath analysis:

(a) The amount of alcohol or presence of a controlled substance or other intoxicating substance in a driver's blood or urine or the amount of alcohol in a person's breath at the time alleged as shown by chemical analysis of the person's blood, urine, or breath is admissible into evidence in any civil or criminal proceeding and is presumed to be the same as at the time the person operated the vehicle.

(b) A person arrested for a crime described in section 625c(1) must be advised of all of the following:

(*i*) If he or she takes a chemical test of his or her blood, urine, or breath administered at the request of a peace officer, he or she has the right to demand that a person of his or her own choosing administer 1 of the chemical tests.

* * *

(*iv*) If he or she refuses the request of a peace officer to take a test described in subparagraph (*i*), a test must not be given without a court order, but the peace officer may seek to obtain a court order.

(*v*) Refusing a peace officer's request to take a test described in subparagraph (*i*) will result in the suspension of his or her operator's or chauffeur's license and vehicle group designation or operating privilege and in the addition of 6 points to his or her driver record.

In *Teike*, ___ Mich App at ___, slip op at 1-2, the police obtained a search warrant for a blood draw after the defendant was involved in a motor vehicle accident and refused to submit to a blood draw. The trial court scored ten points under OV 19 on the basis that the defendant interfered with the administration of justice by refusing to submit to the blood draw upon police request. *Id*. at 6. This Court determined that the ten-point score was erroneous, stating as follows:

> We conclude that because MCL 257.625a permits an arrestee to make a choice and requires that he be informed of his right to make it, his exercise of that right cannot be found to have hampered, hindered, or obstructed the act or process of administering judgment for purposes of assessing points for OV 19. Defendant's refusal of the test violated neither the implied consent statute nor MCL 257.625a— indeed, that refusal, being expressly permitted by those statutes, was consistent with the administration of justice under the statutes. To hold otherwise would implicate constitutional concerns regarding warrantless searches, and would engraft an additional consequence onto MCL 257.625a that the Legislature did not see fit to provide; this Court should avoid doing either. See *Sole Mich Economic Dev Corp*, 509 Mich 406, 419; 983 NW2d 733 (2022); see also *Sanford v Mich*, 506 Mich 10, 14-15; 954 NW2d (2020). Moreover, "there must be some daylight between attempting to interfere with the administration of justice and simply not assisting in or helping facilitate a criminal investigation." *People v Deweerd*, 511 Mich 979, 980-981; 990 NW2d 864, 865 (2023). The record does not show that defendant hampered, or attempted to hamper, police officers in obtaining a court order to draw and test his blood; he simply refused to consent to such a test, as was his right under the law (with attendant consequences). Under the facts of this case, OV 19 was not implicated. [*Id*. at 7 (brackets omitted).]

The same reasoning applies in the instant case. The trial court erroneously scored ten points under OV 19 on the basis that defendant refused to consent to the blood draw, requiring the deputy to obtain a search warrant. Because defendant's refusal did not constitute interference with the administration of justice, zero points should have been scored under OV 19. MCL 777.49(d). Further, because subtracting ten points from defendant's OV score would reduce his OV level from a level III to a level II and decrease his sentencing guidelines range, MCL 777.66, we vacate defendant's sentence and remand for resentencing. See *People v Francisco*, 474 Mich 82, 90-92; 711 NW2d 44 (2006) (holding that a defendant is entitled to resentencing if the original sentence was based on an erroneously scored sentencing guidelines range).

## III. CONCLUSION

The trial court erred by scoring ten points under OV 19, contrary to *Teike*. Because the scoring error resulted in the trial court sentencing defendant based on an erroneous sentencing guidelines range, defendant is entitled to resentencing.

We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Philip P. Mariani