*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THOMAS ANDREW PERNELL,

        Defendant-Appellant.

UNPUBLISHED
September 16, 2025
11:49 AM

No. 365563
Wayne Circuit Court
LC No. 21-005538-01-FC

## ON REMAND

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

In an order dated May 30, 2025, our Supreme Court, in lieu of granting leave to appeal, vacated "Part III (Offense Variable 19) of the judgment" and remanded to this Court for reconsideration of that issue in light of *People v Deweerd*, 511 Mich 979 (2023). *People v Pernell*, 20 NW3d 865 (Mich, 2025) (Docket No. 168097). We affirm.

## I. INITIAL APPEAL

In this case, defendant appealed as of right his jury-trial convictions for (1) second-degree murder, MCL 750.317,[1] and (2) carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to 50 to 90 years' imprisonment for the murder conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction.

On original submission, defendant asserted, in relevant part, that: (1) the trial court erroneously assigned points to offense variable (OV) 19 because there was no evidence that defendant attempted to interfere with the administration of justice, and (2) defense counsel was

---

[1] The jury found defendant guilty of second-degree murder as a lesser offense to an original charge of first-degree premeditated murder, MCL 750.316(1)(a).

ineffective for failing to object to the scoring of this variable. *People v Pernell*, unpublished per curiam opinion of the Court of Appeals, issued December 6, 2024 (Docket 365563), p 6-7. We affirmed defendant's convictions and sentence, reasoning as follows:

> The facts of the case provided a reasonable basis for the trial court to conclude that defendant interfered in the administration of justice. In challenging the lack of evidence to support the trial court's assessment of points for OV 1[9], defendant argues that "[t]he record only reveals that [he] called 911 but then walked away from the scene when the officers arrived." However, there was evidence that as defendant was walking near the house, a detective arrived and asked defendant if he "saw anything." Defendant told the detective that there was a scuffle inside the house and someone was shot. Thus, defendant made a statement plainly intended to deceive law enforcement during their investigation. Defendant admitted that he immediately fled from the scene after directing the detective to the house. As this Court observed in *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016), "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." That is what defendant did—deliberately gave the detective misinformation about his knowledge of the incident, and then fled from the crime scene. Consequently, the trial court did not clearly err when it assigned 10 points for OV 19. [*Id*. at 7 (second and third alterations in original).]

Because we concluded that the trial court correctly assessed 10 points for OV 19, we also concluded that it was objectively reasonable and within the range of reasonable professional conduct for defense counsel to not advance an objection to the scoring of the variable. *Id*. at 7-8.

## II. REMAND

Defendant sought leave to appeal in the Michigan Supreme Court, and as previously stated, in lieu of granting leave to appeal, our Supreme Court vacated "Part III (Offense Variable 19) of the judgment" and remanded with instructions to reconsider the scoring of OV 19 in light of *Deweerd*, 511 Mich at 979. *Pernell*, 20 NW3d at 865.

### A. STANDARD OF REVIEW

When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made. *People v Caddell*, 332 Mich App 27, 41; 955 NW2d 488 (2020) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

### B. ANALYSIS

OV 19 addresses a "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. As applicable

to this case, the trial court must assign 10 points for OV 19 if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice . . . ." MCL 777.49(c). Interfering or attempting to interfere with the administration of justice is broadly interpreted when assessing OV 19. *People v Barbee*, 470 Mich 283, 286-287; 681 NW2d 348 (2004). Any acts by a defendant that interfere or attempt to interfere with law enforcement officers and their investigation of a crime may support a score for OV 19. *Id*. "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *Sours*, 315 Mich App at 349. In scoring OV 19, a court may consider the defendant's conduct after the completion of the sentencing offense. *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010).

In *Deweerd*, 511 Mich at 980, the trial court assigned 10 points for OV 19 on the basis of "the defendant's statements to police officers after they executed a search warrant at his girlfriend's apartment and discovered methamphetamine and associated paraphernalia." The defendant's statements included "that he had not consumed methamphetamine, that he was not aware of methamphetamine being consumed or produced in the apartment, and that—had he been aware that methamphetamine was being consumed or produced in the apartment—he would have left the apartment." *Id*. Our Supreme Court determined that the defendant's statements merely constituted a denial of culpability and were "not sufficient to establish that the defendant interfered with or attempted to interfere with the administration of justice." *Id*. The Court explained that MCL 777.49(c) and the "oft-cited interpretation of that language as 'oppos[ing] so as to hamper, hinder, or obstruct,' " both "contemplate something more than a suspect's denial of culpability." *Id*., quoting *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013) (alteration in original). The Court then provided examples of what constitutes "something more," stating in relevant part as follows:

> That "something more" is identifiable in existing caselaw as actions that actively redirect the investigation; that attempt to or successfully conceal evidence from law enforcement; that attempt to or successfully prevent witnesses from testifying or providing evidence; and that attempt to or successfully prevent law enforcement from being able to arrest the defendant. [*Deweerd*, 511 Mich at 980 (citations omitted).]

Accordingly, "[t]here must be some daylight between attempting to interfere with the administration of justice and simply not assisting in or helping facilitate a criminal investigation." *Id*. at 980-981. Because our Supreme Court determined that the trial court erred in assessing 10 points for OV 19, the case was remanded for resentencing. *Id*. at 982.

In this case, there was a reasonable basis for the trial court to conclude that defendant interfered with the administration of justice. There was evidence that as defendant was walking near the house where the murder occurred, a detective arrived and asked defendant if he "saw anything." Defendant told the detective that there was a scuffle inside the house and someone was shot. After directing the detective to the house, defendant immediately fled from the scene. Therefore, defendant did not merely maintain his innocence or refuse to confess, but he deliberately gave the detective misinformation that "divert[ed] suspicion onto others and away from him," *People v Ericksen*, 288 Mich App 192, 204; 793 NW2d 120 (2010), "actively redirect[ed] the investigation," and "attempt[ed] to or successfully prevent[ed] law enforcement from being able to arrest [him]," *Deweerd*, 511 Mich at 980. Moreover, defendant fled the scene

with the murder weapon, which "conceal[ed] evidence from law enforcement." *Id*. Accordingly, the trial court did not clearly err when it assigned 10 points for OV 19.

Because we conclude that the trial court appropriately assessed 10 points for OV 19, we also conclude that it was objectively reasonable and within the range of reasonable professional conduct for defense counsel to not advance an objection to the scoring of the variable; therefore, defendant's ineffective-assistance-of-counsel claim fails. See *Ericksen*, 288 Mich App at 201 ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel").

Affirmed.

/s/ Kathleen A. Feeney
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace